**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FELIPE CUEVAS-LEYVA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2741-J** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Felipe Cuevas-Leyva, a noncitizen[1] and Mexican national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 10, and the Petition is at issue. Petitioner also has two pending motions before the Court: (i) a Petition for Temporary Restraining Order, Doc. 2, and (ii) a Motion to Appoint Counsel, Doc. 3.

For the reasons below, the undersigned recommends the Court grant the Petition in part and order Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time. Adoption of this recommendation would moot Petitioner's two pending motions.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. **Background**

Petitioner, a citizen of Mexico, entered the United States without inspection at an unknown place on an unknown date more than 20 years ago. Pet. at 14; Resp. at 1; Doc. 12-1 at 1 (Notice to Appear).[2] On September 24, 2026, local officers in Colbert, Oklahoma encountered Petitioner on a traffic stop. Resp. at 1; Doc. 12-2 at 2 (I-213).[3] He was booked into Bryan County Jail and later transferred on September 26, 2026, to ICE custody. Resp. at 1; Doc. 12-2 at 2. He was served with an arrest warrant that day from ICE. Resp. at 1; Doc. 12-3 (Warrant of Arrest). Also on September 26, 2026, ICE placed Petitioner into removal proceedings before the Immigration Court under 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Doc. 12-1 at 1.

Petitioner filed his Petition on October 2, 2026. Pet. at 1. On October 19, 2026, he appeared before an Immigration Judge ("IJ") for a bond hearing. Resp. at 2; Doc. 12-4 at 1 (IJ Order). At the hearing, Petitioner withdrew his request for a bond hearing so he could gather and file evidence in support of his bond request. Resp. at 2; Doc. 12-4 at 1 (IJ Order

---

[2] Citations to all filings use the CM/ECF page numbers in the documents' headers.

[3] At times, Petitioner implies ICE officers were present at the traffic stop on September 24, 2026. *Compare* Pet. at 6 (alleging he was "kidnapped by armed, masked criminals" "on 24 September 2026" who later "identified themselves as ICE agents" (citation modified)), *with id.* at 13 (indicating ICE agents were not involved until Petitioner "spent one day detained in [a county] jail"). Respondents allege ICE first directly interacted with Petitioner when he was transferred from state custody to ICE custody on September 26, 2026. Resp. at 1. To the extent a factual dispute exists, it is not dispositive.

indicating Petitioner's custody redetermination request was "[w]ithdrawn"); Doc. 12-5 (audio recording of IJ proceeding).

Respondents contend Petitioner is detained properly under 8 U.S.C. § 1225(b)(2)(A) but acknowledge the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) controls. Resp. at 1-2. They advise that should Petitioner "gather evidence and administratively request a new bond hearing, a new bond hearing will subsequently be scheduled." Resp. at 2. Petitioner's immigration proceedings are ongoing. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last visited Oct. 28, 2026).

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Oct. 28, 2026).

## II. Petitioner's Claims

The undersigned liberally construes Petitioner to raise five counts in his Petition.

- **Count I: Violation of Rights under the Fourth and Fifth Amendments.** Petitioner alleges he was "kidnapped" by ICE agents, whom he describes as "armed, masked criminals," without probable cause or a judicial warrant. Pet. at 6.

- **Count II: Violation of Due Process**. Petitioner alleges his conditions of confinement in ICE custody violate his rights to due process. *Id.*

- **Count III**: **Violation of Rights under the Fifth, Eighth, and Fourteenth Amendments**. Petitioner alleges his warrantless arrest and agents' failure to have his "rights read" to him were unlawful. *Id.* (citation modified).

- **Count IV: Medical Negligence**. Petitioner claims to fear death because of medical negligence. *Id*. at 7. He also alleges he is exposed to diseases and suffers from lack of medication and spoiled food while in custody. *Id*.

- **Count V: Violation of Due Process.** Petitioner alleges his prolonged detention without "an individualized hearing before a neutral decisionmaker," *id*. at 24, where the government would have to justify detention by clear and convincing evidence, violates due process. *See generally id.* at 14-25.

Petitioner requests (1) a hearing before this Court to determine whether his detention is justified or (2) his release within 30 days unless Respondents schedule a bond hearing before an IJ where the government bears the burden to justify continued detention. *Id*. at 10, 25. He also requests attorney fees and costs under the Equal Access to Justice Act ("EAJA").[4] *Id*. at 25.

## III. <u>Standard of Review</u>

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

[4] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the Immigration and Nationality Act at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

The undersigned understands Petitioner to allege his continued detention under 8 U.S.C. § 1225(b)(2) is unlawful and violates his rights to due process. Pet. at 15-25. Respondents contend Petitioner is properly detained under § 1225(b)(2)(A) but recognize "this matter is controlled by the Tenth Circuit's opinion in *[Santillan] Quiroz*." Resp. at 1. Further, Respondents advise they will not object and agree to schedule a new bond hearing "should Petitioner gather evidence and administratively request a new bond hearing." *Id*. at 2.

The Tenth Circuit recently applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). The Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent, Respondents' acknowledgment that Petitioner is entitled to a bond hearing, and this Court's prior reasoning in *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026), the Court should apply § 1226(a) to govern Petitioner's current detention. *See Imami v. Lyons*, No. CIV-26-566-J, 2026 WL 1896142, at *1-2 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[5]

---

[5] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guadian*, 190 F.4th 305, 334-35 (4th Cir. 2026); *Buele Morocho v. Warden, Phila. FDC*, 189 F.4th 287, 304 (3d Cir. 2026); *Guerrero Orellana v. Moniz*, 188 F.4th 1, 20-21 (1st Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). The Supreme Court has granted certiorari on this issue. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert. granted sub. nom. Rhoney v. Barbosa da Cunha*, --- S. Ct. ----, 2026 WL 2942994 (Mem) (Oct. 1, 2026).

**B. The proper remedy is a bond hearing.**

Petitioner seeks a hearing before this Court to determine the propriety of his detention, or release from ICE custody within 30 days unless Respondents schedule a bond hearing where the government bears the burden to justify continued detention. Pet. at 25. The undersigned concludes a bond hearing before an IJ is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Imami*, 2026 WL 1896142, at *2 (concluding "the appropriate remedy" is for "Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a)"). Further, Judges in this District, including this Court, have consistently declined to order burden shifting at any bond hearing before an IJ. *See, e.g.*, *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (declining to reach petitioner's due process claims and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[6]

**C. The Court need not address Petitioner's remaining claims.**

Petitioner also argues his warrantless arrest and continued detention without a bond hearing violate his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.

[6] While Judges in this District have ordered release for noncitizens whose earlier release

Pet. at 6-7, 14-25. As to any Fourth Amendment claim related to a warrantless arrest, Respondents provided the Court with an administrative warrant for Petitioner's arrest dated September 26, 2026—the date he was transferred to ICE custody. Doc. 12-3 at 1. To the extent Petitioner seeks to allege a violation under the Eighth or Fourteenth Amendments, such a claim has not been clearly raised. And if the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the Court need not decide the merits of his Fifth Amendment due process claim or other, undeveloped constitutional claims. *See, e.g.*, *Coreas*, 2026 WL 541151, at *2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing under § 1226(a)).

Finally, Petitioner complains of "medical negligence" and conditions of confinement related to lack of medication or spoiled food. Pet. at 7. A petitioner who challenges "the fact or duration" of his confinement and seeks release from ICE custody must bring a § 2241 habeas petition, but a challenge to the conditions of his confinement must be brought through a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Palma-Salazar v. Davis*, 677 F.3d 1031,

---

was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

1035 (10th Cir. 2012). As such, Petitioner's allegations related to medical negligence or conditions at the ICE facility are not properly raised in this Petition. *See, e.g.*, *Ndou v. Noem*, No. 26-CV-220, 2026 WL 686564, at *4 (D.N.M. Mar. 11, 2026) (finding an immigration habeas petitioner's "claims related to conditions of confinement are properly raised under a civil rights action, not a habeas corpus petition"); *Sanchez v. Warden*, No. CIV-26-318-SLP, 2026 WL 1623020, at *4 (W.D. Okla. Mar. 26, 2026) (R&R) (same), *adopted on other grounds*, 2026 WL 1347428, at *2 (W.D. Okla. May 14, 2026).

## V. Pending Motions

Petitioner has two pending motions before the Court. In his Petition for Temporary Restraining Order, Doc. 2, Petitioner requests that the Court enjoin his transfer or removal from the United States while his case is being reviewed. He also filed a Motion to Appoint Counsel, Doc. 3. Adoption of this recommendation would moot these pending motions.

## VI. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Court **GRANT in part** the Petition, Doc. 1, for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release him if he has not received a lawful bond hearing within that period. **The parties shall immediately advise the Court (1) if Petitioner has a bond hearing before an IJ or (2) of any other material update that could affect disposition of the Petition.**

Adoption of this Report and Recommendation would **MOOT** Petitioner's pending Petition for Temporary Restraining Order, Doc. 2, and his Motion to Appoint Counsel, Doc. 3.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **November 4, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 28th day of October, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE